**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

FISSIONTECH LLC,

Plaintiff,

-against-

THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

Defendants.

---------------------------------------------------------X

**COMPLAINT**

Plaintiff, Fissiontech LLC ("Fissiontech" or "Plaintiff"), by and through their undersigned attorneys, Anderson and Associates Law, P.C., as and for their Complaint against the Partnerships and Unincorporated Associations identified on Schedule A, (collectively, "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action to recover monetary damages, and to obtain equitable relief pursuant to Section 43(a) of the Lanham Act *et seq.*as a result of Defendants' infringing use of Plaintiff's common law trademark.

2. Plaintiff has been in the business of making anti-snoring devices since December 15, 2021. Plaintiff has used the brand name "FISSIONTECH LLC" in commerce since January 11, 2022. Plaintiff's products have obtained FDA 510(k) clearance marking the device and safe and effective.

3. Defendants, a schedule of e-sellers on Amazon, have been using FISSIONTECH LLC's business name and trademark on their listings, falsely designating FISSIONTECH LLC's

products as their own. Upon information and belief, Defendants' products have no FDA clearance.

4. By doing so, the Defendants are likely to cause consumer confusion with the Plaintiff's business, and common law trademark, and prey upon consumers through deceptive business practices.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C §§ 13331 and 1338(a) for the claim arising out of the violation of Section 43 of the Lanham Act, has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claim arising out of violations of Sections 349 and 350 of the New York Business Law, and all other claims arising under the common law of the State of New York; and has jurisdiction pursuant to 28 U.S.C. §§1338(b) and 1367 for the claims under the common law of unfair competition and trademark infringement.

6. This Court has personal jurisdiction over the Defendants because the products that are the subject of this action were, and continue to be, sold and/or offered for sale to consumers in New York State, including in this Judicial District.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred in this district, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including New York, through at least the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to New York residents by setting up and operating e-commerce stores that target United States

consumers using one or more Seller Aliases, offer shipping to the United States, including New York, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold products using infringing and counterfeit versions of Fissiontech's trademark to residents of New York. Each of the Defendants is committing tortious acts in New York, is engaging in interstate commerce, and have wrongfully caused Fissiontech substantial injury in the State of New York.

**JURY DEMAND**

8. Plaintiff respectfully requests a trial by jury.

**PARTIES**

9. The Plaintiff, Fissiontech, is a limited liability company selling anti-snore devices that has sold and/or offered its good for sale in inter- and intrastate commerce, including commerce in the State of New York, and in this Judicial District.

10. Fissiontech has a principal place of business at 1 Liberty St, Fl. 3, New York, NY 10006.

11. Upon information and belief, Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Fissiontech. Upon information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

12. Upon information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it

virtually impossible for Fissiontech to discover Defendants' true identities and the exact interworking of their counterfeit network. If Defendants provide additional credible information regarding their identities, Fissiontech will take appropriate steps to amend the Complaint.

**FACTS APPLICABLE TO ALL CLAIMS FOR RELIEF**

13. Plaintiff is engaged in the business of anti-snoring under the name "Fissiontech LLC". Plaintiff has been using this name in commerce since January 11, 2022.

14. On April 18, 2024, Fissiontech received 510(k) premarket certification on their product "Difiney Anti Snoring Device" for intraoral devices for snoring and intraoral snoring and obstructive sleep apnea, registered under number K233850. Attached as Exhibit 1.

15. Fissiontech listed their "Difiney Anti Snoring Device" for sale on Amazon on April 13, 2022. An image of the listing is attached as Exhibit 2.

16. On February 14, 2025, Plaintiff discovered multiple e-sellers listing and selling anti-snoring products that were substantially similar to Plaintiff's. These listings falsely associated FISSIONTECH LLC with the products, either in the item description or by misidentifying it as the manufacturer. Images of the listings are attached as Exhibit 3.

17. Upon information and belief, Defendants had access to Fissiontech's posted listing of "Difiney Anti Snoring Device."

18. Upon information and belief, Defendants were aware of Fissiontech's reputable product and FDA 510(k) listing.

19. Upon information and belief, Defendants intentionally listed Fissiontech as the manufacturer of Defendants' products to deceive them into believing the products were the same and prey on the same consumers.

## AS AND FOR A FIRST CAUSE OF ACTION

**Common Law Trademark Infringement of the FISSIONTECH LLC Mark**

20. Plaintiff repeats and re-alleges each of the foregoing paragraphs, as though fully set forth herein.

21. Plaintiff has continuously used the FISSIONTECH LLC mark in commerce in connection with Plaintiff's goods, including Plaintiff's anti-snoring devices, since at least as early as January 11, 2022, and, accordingly, has established common law trademark rights in the FISSIONTECH LLC mark.

22. Defendants' unauthorized use in commerce of the FISSIONTECH LLC mark in association with Defendants' anti-snoring products constitutes infringement of Plaintiff's common law trademark rights, misappropriates the valuable goodwill developed by Plaintiff in the FISSIONTECH LLC mark, and is likely to cause confusion among the relevant consuming public.

23. Defendants were, or should have been, aware of the Plaintiff's use and corresponding rights in the FISSIONTECH LLC mark. Defendants' acts aforesaid, including listing names, terms, and/or marks that are identical or, at least confusingly similar to Plaintiff's FISSIONTECH LLC mark for identical or substantially similar goods and services, constitutes willful infringement of Plaintiff's rights in the FISSIONTECH LLC mark.

24. Defendants' acts of willful infringement of Plaintiff's rights in the FISSIONTECH LLC mark have caused and, unless restrained, will continue to cause great and irreparable injury to Plaintiff, Plaintiff's business, and to the goodwill and reputation of Plaintiff in an amount that cannot be ascertained at this time, leaving Plaintiff no adequate remedy at law.

25. Defendants' acts are the proximate cause of such injury and damage.

26. Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants, and anyone acting in concert with the Defendants, to restrain further acts of infringement of Plaintiff's rights and to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of infringement and any damages justified by the willful and intentional nature of such acts.

**AS AND FOR A SECOND CAUSE OF ACTION**

**False Designation of Origin and Federal Unfair Competition with Respect to the FISSIONTECH LLC Mark**

**15 U.S.C. § 1125**

27. Plaintiff repeats and re-alleges each of the foregoing paragraphs, as though fully set forth herein.

28. By the knowing and intentional unauthorized imitation, adoption, and use of Plaintiff's FISSIONTECH LLC mark, which are confusingly similar to Plaintiff's FISSIONTECH LLC mark in association with Defendants' goods and services, Defendants have and continue to falsely designate its goods and services as being derived or affiliated with those of the Plaintiff. Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Products.

29. Defendants' use of the FISSIONTECH LLC mark is likely to cause and/or has caused relevant consumers to mistakenly believe that Defendant has an affiliation with Plaintiff, that Defendants' business is sponsored or approved by Plaintiff, that Plaintiff manufactures Defendants' goods, or that Defendant is otherwise associated with or has obtained the

permission from Plaintiff to use the FISSIONTECH LLC mark in connection with the sale of Defendants' goods and services.

30. By engaging in the unauthorized activities described above, Defendants have made, and continue to make false, deceptive, and misleading statements constituting false representations and false advertising made in connection with the sale of goods or services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Furthermore, in view of the notices provided to the Defendants by the acts of the Plaintiff, such activities were, and remain willful and intentional.

31. Defendants' willful and intentional acts of unfair competition, false advertising, and false designation of origin have caused and are causing great and irreparable injury and damage to Plaintiff's business and its goodwill and reputation in an amount that cannot be ascertained at this time and, unless preliminarily and permanently restrained, will cause further irreparable injury and damage, leaving Plaintiff with no adequate remedy at law.

32. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants, and anyone acting in concert with Defendants, to restrain further acts of unfair competition, false advertising, and false designation of origin, and to recover any damages proven to have been caused by the Defendants' aforesaid acts, and to recover damages based on Defendants' willful, intentional, and/or grossly negligent acts.

**AS AND FOR A THIRD CAUSE OF ACTION**

**Deceptive Acts and Practices Unlawful in Violation of the New York General Business Law**

**N.Y. Gen. Bus. Law §§ 349 and 350**

33. Plaintiff repeats and re-alleges each of the foregoing paragraphs, as though fully set forth herein.

34. New York General Business Law, Section 349 states, in relevant part, that: "Deceptive acts or practices in the conduct of any business, trade, or commerce in the furnishing of any service in this state are hereby declared unlawful."

35. New York General Business Law, Section 350 states, in relevant part, that: "False advertising in the conduct of any business, trade or commerce or in the furnishing or any service in this state is hereby declared unlawful."

36. Through their advertisement, distribution, offer to sell and sale of unauthorizing products bearing the FISSIONTECH LLC common law trademark, Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

37. The Defendants' deceptive acts or practices, as described herein, are materially misleading. Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom the Defendants have directed their marketing activities, and as a result, FISSIONTECH LLC has been injured.

38. By the acts described above, the Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Section 349 and 350 of the New York General Business Law.

39. The Defendants' acts have caused, and will continue to cause, irreparable injury to FISSIONTECH LLC. The Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## AS AND FOR A FOURTH CAUSE OF ACTION

**Equitable Accounting**

40. Plaintiff repeats and re-alleges each of the foregoing paragraphs, as though fully set forth herein.

41. Upon information and belief, Defendants received, and continue to receive benefits from the display of the infringing business name and common law trademark, which infringed Plaintiff's business name and common law trademark rights in "Fissiontech LLC."

42. Defendants have not provided the necessary documentation and information to allow Plaintiff to assess the damages they have suffered and continue to suffer.

43. Plaintiff is entitled to a full accounting of all net profits received by Defendants in connection with the creation, marketings, distribution, sale, or other uses of the business name and common law trademark and all associated products.

## AS AND FOR A FIFTH CAUSE OF ACTION

**Injunctive Relief**

44. Plaintiff repeats and re-alleges each of the foregoing paragraphs, as though fully set forth herein.

45. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue to infringe on Plaintiff's right to the trade name and common law trademark. As such, Plaintiff is entitled to preliminary and permanent injunctive relief.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment in their favor against Defendants, jointly and severally:

1) A preliminary and permanent injunction enjoining Defendants, and their employees, agents, officers, successors, affiliates, and all those in concert or participation with ant of them, from:

a. Imitating, copying, using, reproducing registering, and/or displaying the mark and designation FISSIONTECH LLC, or any mark or designation which colorably imitates or is confusingly similar to this mark and designations, including, without limitation, FISSIONTECH LLC alone or in combination with any other term(s), word(s), name(s), logo(s), symbol(s), device(s), designation(s), and/or design(s) in any manner whatsoever;

b. Using any other false designation or representation likely to cause confusion, deception, or mistake in the marketplace with regard to Plaintiff's FISSIONTECH LLC mark, and damaging FISSIONTECH LLC's goodwill.

2) Entry of an Order that, upon FISSIONTECH's request, those with notice of the injunction including, without limitation, any online marketplace platforms such as Amazon, eBay, AliExpress, Alibaba,Wish.com, Walmart, Etsy, and Temu (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the FISSIONTECH LLC Trademark;

3) An order directing Defendants to deliver impoundment and destruction of all materials and matter in its possession or custody or under its control that infringe Plaintiff's trademark, including all of the Defendants' marketing materials bearing the FISSIONTECH LLC mark;

3) An order directing that Defendants file with the Court and serve upon counsel for Plaintiff within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which Defendant has compiled with the injunction(s);

4) An award of damages, in an amount to be proven at trial, for the Defendants' infringement of Plaintiff's FISSIONTECH LLC common law trademark, the damages including Plaintiff's actual damages, Defendants' profits attributable to the infringement, Plaintiff's costs including a reasonable attorney's fee and any enhancements the Court finds reasonable;

5) An award of damages to compensate for Defendants' unfair competition in an amount to be proven at trial, including Plaintiff's actual damages and Defendants' profits attributable to the unfair competition;

6) In the alternative, that FISSIONTECH be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the FISSIONTECH LLC Trademark;

7) All other relief, in law or in equity, to which Plaintiff may be entitled, including attorney's fees or which the court deems just and proper.

Dated: March 20, 2025

New York, New York

Respectfully Submitted,

Yen-Yi Anderson, Esq.
Anderson & Associates Law, P.C.
61 Broadway, Suite 2809
New York, NY 10006
y.anderson@aalawpc.com
(646) 942-6646

**“SCHEDULE A” AMAZON DEFENDANTS**

[redacted]

[redacted]

[redacted]





[redacted]



# EXHIBIT 1

April 18, 2024

Fissiontech LLC
℅ Libray Chang
Manager
Shanghai Spica Management Consulting Co., Ltd.
609 Room, No. 133 Shengang Avenue, Pudong New District
Shanghai, 200120
China

Re: K233850
Trade/Device Name: Difiney Anti Snoring Device
Regulation Number: 21 CFR 872.5570
Regulation Name: Intraoral Devices For Snoring And Intraoral Devices For Snoring And Obstructive Sleep Apnea
Regulatory Class: Class II
Product Code: LRK
Dated: April 8, 2024
Received: April 8, 2024

Dear Libray Chang:

We have reviewed your section 510(k) premarket notification of intent to market the device referenced above and have determined the device is substantially equivalent (for the indications for use stated in the enclosure) to legally marketed predicate devices marketed in interstate commerce prior to May 28, 1976, the enactment date of the Medical Device Amendments, or to devices that have been reclassified in accordance with the provisions of the Federal Food, Drug, and Cosmetic Act (the Act) that do not require approval of a premarket approval application (PMA). You may, therefore, market the device, subject to the general controls provisions of the Act. Although this letter refers to your product as a device, please be aware that some cleared products may instead be combination products. The 510(k) Premarket Notification Database available at https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfpmn/pmn.cfm identifies combination product submissions. The general controls provisions of the Act include requirements for annual registration, listing of devices, good manufacturing practice, labeling, and prohibitions against misbranding and adulteration. Please note: CDRH does not evaluate information related to contract liability warranties. We remind you, however, that device labeling must be truthful and not misleading.

If your device is classified (see above) into either class II (Special Controls) or class III (PMA), it may be subject to additional controls. Existing major regulations affecting your device can be found in the Code of Federal Regulations, Title 21, Parts 800 to 898. In addition, FDA may publish further announcements concerning your device in the Federal Register.

Additional information about changes that may require a new premarket notification are provided in the FDA guidance documents entitled "Deciding When to Submit a 510(k) for a Change to an Existing Device" (https://www.fda.gov/media/99812/download) and "Deciding When to Submit a 510(k) for a Software Change to an Existing Device" (https://www.fda.gov/media/99785/download).

Your device is also subject to, among other requirements, the Quality System (QS) regulation (21 CFR Part 820), which includes, but is not limited to, 21 CFR 820.30, Design controls; 21 CFR 820.90, Nonconforming product; and 21 CFR 820.100, Corrective and preventive action. Please note that regardless of whether a change requires premarket review, the QS regulation requires device manufacturers to review and approve changes to device design and production (21 CFR 820.30 and 21 CFR 820.70) and document changes and approvals in the device master record (21 CFR 820.181).

Please be advised that FDA's issuance of a substantial equivalence determination does not mean that FDA has made a determination that your device complies with other requirements of the Act or any Federal statutes and regulations administered by other Federal agencies. You must comply with all the Act's requirements, including, but not limited to: registration and listing (21 CFR Part 807); labeling (21 CFR Part 801); medical device reporting (reporting of medical device-related adverse events) (21 CFR Part 803) for devices or postmarketing safety reporting (21 CFR Part 4, Subpart B) for combination products (see https://www.fda.gov/combination-products/guidance-regulatory-information/postmarketing-safety-reporting-combination-products); good manufacturing practice requirements as set forth in the quality systems (QS) regulation (21 CFR Part 820) for devices or current good manufacturing practices (21 CFR Part 4, Subpart A) for combination products; and, if applicable, the electronic product radiation control provisions (Sections 531-542 of the Act); 21 CFR Parts 1000-1050.

Also, please note the regulation entitled, "Misbranding by reference to premarket notification" (21 CFR 807.97). For questions regarding the reporting of adverse events under the MDR regulation (21 CFR Part 803), please go to https://www.fda.gov/medical-devices/medical-device-safety/medical-device-reporting-mdr-how-report-medical-device-problems.

For comprehensive regulatory information about medical devices and radiation-emitting products, including information about labeling regulations, please see Device Advice (https://www.fda.gov/medical-devices/device-advice-comprehensive-regulatory-assistance) and CDRH Learn (https://www.fda.gov/training-and-continuing-education/cdrh-learn). Additionally, you may contact the Division of Industry and Consumer Education (DICE) to ask a question about a specific regulatory topic. See the DICE website (https://www.fda.gov/medical-devices/device-advice-comprehensive-regulatory-assistance/contact-us-division-industry-and-consumer-education-dice) for more information or contact DICE by email (DICE@fda.hhs.gov) or phone (1-800-638-2041 or 301-796-7100).

Sincerely,

Bobak
Shirmohammadi -S

For Michael E. Adjodha, M.ChE., RAC, CQIA
Assistant Director

DHT1B: Division of Dental and
ENT Devices
OHT1: Office of Ophthalmic, Anesthesia,
Respiratory, ENT and Dental Devices
Office of Product Evaluation and Quality
Center for Devices and Radiological Health

Enclosure

DEPARTMENT OF HEALTH AND HUMAN SERVICES
Food and Drug Administration

# Indications for Use

Form Approved: OMB No. 0910-0120
Expiration Date: 06/30/2023
*See PRA Statement below.*

510(k) Number *(if known)*
K233850

Device Name
Difiney Anti Snoring Device

Indications for Use *(Describe)*
The Difiney Anti Snoring Device is intended to help reduce snoring in adults 18 years of age or older.

Type of Use *(Select one or both, as applicable)*

☐ Prescription Use (Part 21 CFR 801 Subpart D) ☒ Over-The-Counter Use (21 CFR 801 Subpart C)

**CONTINUE ON A SEPARATE PAGE IF NEEDED.**

This section applies only to requirements of the Paperwork Reduction Act of 1995.

***DO NOT SEND YOUR COMPLETED FORM TO THE PRA STAFF EMAIL ADDRESS BELOW.***

The burden time for this collection of information is estimated to average 79 hours per response, including the time to review instructions, search existing data sources, gather and maintain the data needed and complete and review the collection of information. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden, to:

Department of Health and Human Services
Food and Drug Administration
Office of Chief Information Officer
Paperwork Reduction Act (PRA) Staff
*PRAStaff@fda.hhs.gov*

*"An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB number."*

510(K) Summary
K233850

| | |
|---|---|
| **Type of submission** | Traditional |
| **Date prepared** | April 8, 2024 |

**Submission sponsor**

| | |
|---|---|
| Manufacturer Name | FISSIONTECH LLC |
| Address | 1 LIBERTY STREET,FLOOR 3, NEW YORK CITY NEW YORK 10006 |
| Tel | 314 475 4711 |
| Email | mike@everymarket.com |
| Contact Person | Mike Lee |

**Device identification**

| | |
|---|---|
| Trade Name | Difiney Anti Snoring Device |
| Regulation Number | 21 CFR 872.5570 |
| Regulation Name | Intraoral devices for snoring and intraoral devices for snoring and obstructive sleep apnea |
| Device Classification | Class II |
| Product Code | LRK |
| Panel | Dental |

**Application correspondent**

| | |
|---|---|
| Company Name | Shanghai Spica Management Consulting Co., Ltd. |
| Address | 609 Room, No.133 Shengang Avenue, Pudong New District, Shanghai, China |
| Tel | 86-13020102321 |
| Email | Libray@spicagloble.com |

Summary

| | |
|---|---|
| Contact Person | Libray Chang |

**Predicate device information**

| | |
|---|---|
| Sponsor | Apnea Sciences Corporation |
| Trade/Device Name | SnoreRx |
| 510(K) number | K170285 |
| Regulation Number | 21 CFR 872.5570 |

**Indications for use**

The Difiney Anti Snoring device is intended to help reduce snoring in adults 18 years of age or older.

**Device description**

The Difiney Anti Snoring device is an intraoral device that is composed of an upper and lower intraoral trays with a handle that is used during the process of customizing the trays. The Difiney Anti Shoring device repositions the jaw anteriorly relative to the maxilla in order to increase the patient's pharyngeal space to improve the ability to exchange air and decrease air turbulence, a causative factor in snoring.

**Performance Testing - Clinical**

Not Applicable.

**Performance Testing - Animal**

Not Applicable.

**Technological Characteristic Comparison**

Provided below is a comparison of the subject device with the predicate device.

Table 14A: General Comparison

| **Item** | **Subject Device** | **Predicate Device** (K170285) | **Comparison** |
|---|---|---|---|
| Product Code | LRK | LRK | Same |
| Class | Class II | Class II | Same |
| Classification Name | Anti-Snoring Device | Anti-Snoring Device | Same |
| Proprietary Name | Difiney Anti Snoring Device | SnoreRx | / |
| Technological Features | Mandibular repositioning to advance the mandible relative to the maxilla to increase pharyngeal space. | Mandibular repositioning device that advances the lower jaw to increase pharyngeal space. | Similar |
| Intended Use | The Difiney Anti Snoring device is intended to help reduce snoring in adults 18 years of age or older. | Minimize air turbulence that causes snoring. Device is intended for OverThe-Counter use. | Similar |

| | | | |
|---|---|---|---|
| Materials | - Polycarbonate resin<br>- Ethylene vinyl acetate copolymer | - Polycarbonate resin<br>- Ethylene vinyl acetate copolymer | Same |
| Desirable Characteristics | Home use, heat sensitive / moldable, adjustable jaw advancement position | Home use, heat sensitive / moldable, adjustable jaw advancement position | Same |
| Specifications:<br>- Physical:<br>- Mechanical:<br>- Single use: | - Custom-fitted intraoral device<br>- Repositions mandible anteriorly up to 4 mm<br>- Reusable | - Custom-fitted intraoral device<br>- Repositions mandible anteriorly up to 6 mm<br>- Reusable | Similar |
| Sterility | Non-sterile | Non-sterile | Same |
| Biocompatibility | ISO 10993 | ISO 10993 | Same |

**Summary of Non-Clinical Testing**

Non-clinical tests were conducted to verify that the proposed device met all design specifications. The test results demonstrated that the proposed device complies with the following standards:

Biocompatibility test

- Bio-compatibility assessment was conducted in accordance with ISO 10993-1 Biological evaluation of medical devices - Part 1: Evaluation and testing within a risk management process.

Physical properties

- ASTM D790-17 for flexural strength and flexural modulus.

Summary

- ASTM D638-22 for Tensile Strength and Elongation at break.
- ASTM D570-22 for water absorption.
- ASTM D3418-21 for melting temperature.
- ASTM D792-20 for Density.

**Conclusion**

Based on the comparison of the indications for use, technical characteristics and performance, we find that the Difiney Anti Snoring Device is substantially equivalent to the predicate SnoreRx with 510(K) number K170285.

# EXHIBIT 2

Health & Household › Health Care › Sleep & Snoring › Snore Reducing Aids




VIDEO

Roll over image to zoom in

**Ask Rufus**

Does it work for side sleepers? Is it comfortable to wear?
Is it easy to clean? Ask something else

# Anti Snoring Device: FDA-Cleared Anti Snoring Mouthpiece Mouth Guard - Effective Anti Snore Solution for Men and Women to Reclaim Peaceful Sleep (Blue)

Visit the Difiney Store
4.7 26 ratings | Search this page

$39.98 ($39.98 / Count)

prime One-Day
Coupon: Apply $10 coupon Terms

Thank you for being a Prime member. Get a $100 Gift Card: Pay $0.00 upon approval for Prime Visa.

Color: **Blue**

- Effective Snoring Reduction: Our advanced mouthpiece repositions your jaw slightly forward to open the airway, reducing snoring through a technique called maxillomandibular advancement. This increases airflow and minimizes the likelihood of airway obstruction, allowing both you and your partner to enjoy a peaceful night's sleep.
- Customizable for Maximum Comfort: Designed to fit any mouth, this mouth guard molds to the unique shape of your teeth and jaw for a personalized, secure fit. Simply follow the easy molding instructions to enjoy a snug, comfortable fit that stays in place all night long.
- FDA-Cleared Safety: Rest assured with an anti-snoring device that's FDA-cleared, meeting strict safety and efficacy standards. Our mouthpiece has undergone thorough evaluations and is officially cleared by the FDA, providing you with a trusted, high-quality solution for snoring
- Ideal for All Sleep Positions: Whether you sleep on your back, side, or stomach, our anti-snoring mouthpiece stays comfortably in place. It's designed to accommodate a wide range of mouth shapes and sizes, making it a perfect solution for men and women looking for restful sleep.
- Durable & Hygienic Design: Crafted from high-quality, medical-grade materials, this mouthpiece is both durable and easy to clean. It includes a convenient case for hygienic storage, ensuring it remains clean and safe for nightly use, night after night.

# EXHIBIT 3



[redacted]

[redacted]



[redacted]



[redacted]

[redacted]

[redacted]





[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]



[redacted]



h



[redacted]





[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

