UNITED STATES DISTRICT COURT
SOUTHERNDISTRICTOFNEWYORK

------------------------------------x

FISSIONTECH LLC
Plaintiff

v. 25-cv-3174

THE PARTNERSHIPS and
UNINCOPORATED ASSOCIATIONS
IDENTIFED ON SCHEDULE 'A"

Defendants.
------------------------------------x

**DECLARATION OF CHRISTOPHER JOHN BATON IN SUPPORT OF PLAINTIFFS' *EX PARTE*MOTION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER, ASSETFREEZE, BIFURACTED SERVICE, EXPEDITED DISCOVERY, AND AN ORDER TOSHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

I, Christopher John Baton, declare as follows:

1. I am over the age of eighteen, and I have personal knowledge of the facts set forth herein.
2. I make this Declaration in support of the ex parte Motion for entry of a Temporary Restraining Order, Preliminary Injunction, Order Restraining the Transfer of Assets, an Order authorized bifurcated service, and an order for expedited discovery.
3. I am an entrepreneur and product inventor. On April 16, 2019, I started up Fissiontech LLC("Fissiontech" or "We"). I created the name *Fissiontech* by inventing a unique, original word. Starting from January 2022, Fissiontech developed one type of anti-snoring device, which is an intraoral device for anti-snoring and obstructive sleep apnea. The device is an intraoral device that is composed of upper and lower

intraoral trays with a handle that is used during the process of customizing the trays. The device repositions the jaw anteriorly relative to the maxilla and so increases the patient's pharyngeal space to improve the ability to exchange air and decrease air turbulence, a causative factor in snoring. To ensure the products comply with Federal regulations and safety standards, our company has invested numerous efforts and resources to obtain the Food and Drug Administration(FDA)'s issuance of a substantial equivalence determination to our product, which is known as a 510(k) approval. Exhibit A is the certificate of Fissiontech's anti-snoring device's 510(k) exemption.

4. Fissiontech has duly filed the trademark application for "Fissiontech LLC" with the United States Patent and Trademark Office on March 20, 2025. Exhibit B is a true and correct copy of the pending application of this trademark, Fissiontech LLC("Mark").

5. The practice of development and pre-market compliance certification of Fissiontech anti-snoring devices is an extraordinarily time-consuming process, involving countless hours and efforts on product design, product safety testing, compliance evaluation, and application for a premarket notification to the FDA(also known as 501(k)).

6. We estimate that only for the application of Premarket Notification 510(k) to FDA, Fissiontech spent over $150,000, which includes consultant fees, direct costs associated with compliance and testing the device, and legal fees. Nevertheless, this cost does not include our operational expenses of human resources input.

7. Given the input of product development and compliance assurance, and painstaking attention to detail, Fissiontech anti-snoring device products("Fissiontech Products") are highly pursued among consumers.

8. We have not authorized any of the Defendants to advertise, display, offer for sale, sell, copy, reproduce, distribute, or otherwise exploit any of Fissiontech Products.

9. Genuine products featuring Fissiontech Products are sold through controllable means and methods. Through controllable means and methods, Fissiontech performs quality control to ensure that high-quality products are available to consumers and that the Fissiontech Products are reproduced in a way that promotes our reputation.

10. Infringement of Fissiontech's business name and Trademark rights is rampant across the internet. I suffer continuing damage at the hands of infringers, such as the Defendants.

11. We do not know the extent of harm these infringing products could cause to the public. These products are intended for prolonged use, often worn overnight, and are placed directly in the consumer's mouth. We have no knowledge of the materials being used, the safety of the manufacturing process, or whether any legitimate technology or design protocols have been followed. This raises serious concerns regarding the consumer's safety. Moreover, there is a significant risk that Fissiontech could be wrongfully held liable for any injury or adverse effects resulting from the use of these falsely branded products.

12. In order to combat the harm caused by the combined and individualized actions of Defendants and other similar infringers, Fissiontech has expended significant resources to enforce its intellectual property rights, such as legal fees. Fissiontech continues to take measures to a) protect the value of its business name and Trademark rights, and b) protect the public in general from Defendants' deceit.

13. Through manual efforts, we investigate websites that offer for sale, sell, or otherwise exploit the Fissiontech Products. As a result, I discovered the offer for sale, sale, or otherwise commercial exploitation of the Fissiontech Products by Defendants through their respective storefronts on Amazon.com (the "Online Storefronts").

14. Defendants use their Online Storefronts to sell physical products unlawfully bearing the Fissiontech Business name and/or digital files containing the Fissiontech Products ("Infringing Products") from across the globe to consumers in the United States and New York.

15. In the course of our investigation, We accessed and viewed each of the Defendants' respective Online Storefronts and listings containing an Infringing Product. Upon viewing the Infringing Product, I was able to add the Infringing Products to an online shopping cart, enter a New York address, and enter payment and other data required to complete the transaction.

16. In the course of my investigation, Fissiontech used third-party screen-capturing software to capture and collect publicly visible and accessible web pages of each of

the Defendants' respective Infringing Products. Annexed hereto as EXHIBIT C is a chart I created, which lists every URL for listings containing Infringing Products wherein the Defendant is displaying, offering for sale, and/or otherwise commercially exploiting one or more of Fissiontech Products. When searching up the terms "anti-snore devices Fissiontech" on Amazon, the Defendants' products are among the first to pop up.

17. I personally collected, reviewed, and inspected the screen captures of approximately dozens of unique URLs wherein the Defendants, through their Online Storefronts, offered for sale the Infringing Products. Annexed hereto as EXHIBIT D are the timestamped screen captures of each URL listed in EXHIBIT C, as visible to the general public. The screen captures are true and accurate representations of the images contained in each specific URL.

18. For illustrative purposes, directly below are side by side comparisons of each of the Fissiontech Products with a corresponding exemplar Infringing Product. In each comparison, the original Fissiontech Product is reproduced on the left-hand side, while the Infringing Product is reproduced on the right-hand side.

19. Fissiontech reviewed each of the screen captures and determined that Infringing Products were being offered for sale to residents in the United States and New York and that Defendants are not authorized to sell, sell, distribute, copy, or otherwise exploit any of the Fissiontech Products.

20. The exemplars above, and the screen captures, firmly demonstrate that the Defendants are exploiting exact copies of one or more of Fissiontech Products.

21. The continued sale of digital files bearing Fissiontech's business name and Trademark would inevitably lead to a point where I would not be able to quantify the harm, or worse, that the value of the original Fissiontech Products is destroyed through oversaturation.

22. Through their Online Storefronts, and throughout the United States and New York, Defendants are unlawfully promoting, advertising, distributing, selling, and/or offering for sale goods bearing or containing exact copies or virtually identical copies of Fissiontech Products.

23. It is Fissiontech's belief, based upon our review of all of the Online Storefronts, that Defendants are directly responsible for thousands or tens of thousands of Infringing Products being sold.

24. As a result of the growth of digital infringement of Infringing Products, Fissiontech's marketplace for legitimate licenses and the sale of authentic products continues to diminish. The continuing acts of Infringement further risk the destruction of Fissiontech's reputation and trademark rights.

25. As a result of the ongoing infringement, Fissiontech is experiencing irreparable harm, including the loss of goodwill, dilution of brand value, and the inability to control the use of its products in online marketplaces. Monetary damages are insufficient to remedy these harms and are difficult to calculate without a measurable dollar figure.

26. Fissiontech's brand value is inherently and irreparably damaged when Fissiontech's business name and Trademark are used on merchandise that is not authorized, produced, or manufactured by Fissiontech or a licensee.

27. Fissiontech's brand value is also irreparably harmed by the unlawful use of the Fissiontech Business Name and Trademark, since the Defendants take away Fissiontech's ability to control the nature and quality of its graphic design and related products. This applies to all infringements of Fissiontech's business name and Trademark. This, in turn, allows consumers the opportunity to choose between the original product and an unlawful derivative product.

28. The unauthorized use of Fissiontech's business name and Trademark by Defendants removes Fissiontech's ability to control the nature, quality, and application of its reputation and brand value, which is not calculable or compensable with any fair precision.

29. Defendants, through their infringing actions, are necessarily diverting sales that would have flowed either to Fissiontech, directly, or to Fissiontech's licensees.

30. Considering that Defendants have engaged in widespread infringement and have not disclosed their true identities, an order to provide limited discovery in conjunction with the asset freeze would fully and effectively ensure that the third-party service providers properly identify and restrain the Defendants' respective financial accounts, while preserving evidence of the same.

31. At this time, Fissiontech is unaware of the true names, identities, or locations of Defendants. This information is essential not only in the general prosecution of this litigation, but to properly serve and effectuate service on Defendants.

32. The discovery sought is limited to only what is essential to prevent further harm and to properly and fully identify each Defendant.

I declare under penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 18, 2025

Christopher John Baton