UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x

FISSIONTECH LLC
Plaintiff

v. 25-cv-3174

THE PARTNERSHIPS and
UNINCOPORATED ASSOCIATIONS
IDENTIFED ON SCHEDULE 'A"

Defendants.
-----------------------------------x

**DECLARATION OF YEN-YI ANDERSON IN SUPPORT OF PLAINTIFF'S MOTION FOR AN *EX PARTE* TEMPORARY RESTRAINING ORDER, ASSET FREEZE, BIFURCATED SERVICE, EXPEDITED DISCOVERY, AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE.**

I, Yen-Yi Anderson, hereby declare as follows:

1. I am an attorney with the law firm of Anderson & Associates Law, P.C. and represent Plaintiff in the above referenced action.
2. I make and submit this declaration in connection with Plaintiff's *ex parte* motion for the following: 1) temporary restraining order; 2) an order restraining the transfer of assets; 3) an order authorizing bifurcated service; and 4) an order authorizing expedited discovery; and 5) an order to show cause why a preliminary injunction should not issue.
3. Defendants are online sellers of products that unlawfully bear Plaintiff's brand name, Fissiontech LLC, (the "Infringing Product"), operating e-commerce storefronts through Amazon.com ("Amazon"). Defendants contracted with Amazon to list and

sell the Infringing Products across the world, including New York, through their respective merchant storefronts (the "Online Storefronts") on the Amazon platform.

4. Defendants use specific seller/merchant names in conjunction with their Amazon pages, as identified on SCHEDULE A to the Complaint.

5. The Defendants were not given notice of this Application due to the nature of their conduct and the challenges commonly encountered when dealing with infringement on e-commerce platforms. In my experience, it is typical for such sellers to conceal their identities through the use of aliases, concealed contact details, and other deceptive practices. Furthermore, these e-sellers have ignored any efforts to reach out through cease-and-desist letters or have responded by privating their infringing listings only to relist them under new product names. These evasive behaviors make it necessary to proceed without prior notice.

6. I investigated the sale of Infringing Products by Defendants, as well as the payment methods and financial services used by the Defendants to receive payment of funds relating to the sale of the Infringing Products.

7. I reviewed screen-captured images of the online product listings displaying, advertising, offering for sale, and/or selling the Infringing Products. These screen captures were collected in part by the Plaintiff and in part by me.

8. Based on my experience and personal knowledge regarding online infringement, without a Temporary Restraining Order, Defendants can and will dramatically alter the *status quo* before the Court can make a final determination.

9. The Online Storefronts are within each Defendants' respective control. Each and every Defendant has the ability to change the ownership information in order to evade

liability, change payment accounts/processors, transfer assets, and modify publicly visible data and content relating to the Infringing Products.

10. With notice of this litigation, Defendants can easily and quickly transfer and secret funds, thereby thwarting the Court's ability to grant meaningful relief while destroying the *status quo*.

11. Publicly available evidence clearly demonstrates that the Defendants work in concert to evade rights-holders enforcement efforts. This is accomplished through websites that monitor enforcement lawsuits in this District. These websites include "Sellerdefense." (www.sellerdefense.cn/), "WeAreSellers" (www.wearesellers.com), "Sohu" (www.Sohu.com), "AMZ123" (www.amz123.com), and others (collectively, the "Websites").

12. These Websites routinely publicize newly filed infringement cases, include access to court documents, identify the intellectual property involved, and name the law firms representing rights holders. They also issue warnings urging sellers to halt infringing activities, liquidate their financial accounts, and switch payment processors without delay.

13. This motion is submitted *ex parte* to prevent significant harm, namely the risk that Defendants will move or dissipate assets in order to evade legal accountability before the Court can impose necessary restraints.

14. Defendants often operate anonymously or provide misleading information about their actual locations, frequently listing addresses associated with third-party "print on demand" services or using completely false details. Typically, their only contact

information is an email address for communication with Amazon or consumers, or messages through the Online Storefronts themselves.

15. In my experience, sellers like the Defendants will often relist the same infringing products under different storefront names, once they are aware of any pending lawsuits. They also often take immediate steps to move their assets beyond the jurisdiction of the Court and into international financial institutions where funds are harder to recover.

16. Providing advance notice to Defendants before the issuance of temporary injunctive relief would likely lead them to engage in actions that obstruct justice, making it nearly impossible for Plaintiff to obtain meaningful redress.

17. Amazon has automated systems that routinely transfer sellers' earnings to external financial institutions, which fall outside Amazon's control. As a result, even in the absence of direct interference by a Defendant, these scheduled transfers would undermine the status quo and remove funds from the Court's reach.

18. I have reviewed Amazon's publicly posted Terms and Conditions, which clearly prohibit the sale of counterfeit or infringing goods. These terms also require compliance with applicable laws and provide Amazon with the authority to terminate seller privileges and freeze funds upon receiving a valid court order.

19. Defendants utilize various financial service providers to process transactions, hold revenue, and manage disbursements from sales made through their storefronts. These entities include, but are not limited to, Amazon Pay PayPal, Inc., Payoneer Inc., and other banks, payment processors, and money transfer services (collectively, the "Financial Institutions").

20. Amazon serves as both a marketplace and a payment intermediary for transactions involving the sale of infringing products. It therefore has the capability to identify and freeze accounts associated with infringing sellers.

21. Based on my experience and prior dealings, I believe the financial institutions, listed above, are capable of complying with, and are likely to comply with, a properly issued Temporary Restraining Order.

22. Implementing bifurcated service in this case will prevent Defendants from being prematurely informed of the litigation, effectively minimizing the risk of them transferring or concealing funds that are subject to court action.

23. It is common practice for sellers engaged in infringing activities to withhold or falsify their true identity and location information. Often, they only provide an email address for contact, and when a physical address is listed, it is frequently inaccurate or fictitious.

24. To serve Amazon and Financial Institutions with the Court's Orders, I will use the RMail service available at www.Rmail.com. This service offers proof of transmission and receipt, including timestamped delivery records, which I have used reliably in past matters.

25. Amazon maintains an e-mail account for receiving legal matters, including Temporary Restraining Orders concerning infringement occurring on the Amazon platform by sellers like Defendants.

26. Similarly, many Financial Institutions have dedicated e-mail accounts for receiving Temporary Restraining Orders concerning the use of their platforms/services in

connection with the sale of infringing products, and to otherwise receive legal notices and orders.

27. Finally, I have thoroughly reviewed the USPTO's public database and have only found one searchable trademark with the name "Fissiontech" or "Fissiontech LLC" and it is the currently pending registry of our client, the plaintiff.

I declare under penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: April 22, 2025

*/s/ Yen-Yi Anderson*

Yen-Yi Anderson, Esq.
Anderson & Associates Law, P.C.
61 Broadway, Suite 2809
New York, NY 10006
646-403-9767
y.anderson@aalawpc.com