UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

FISSIONTECH LLC
Plaintiff

v. 25-cv-3174

THE PARTNERSHIPS and
UNINCOPORATED ASSOCIATIONS
IDENTIFED ON SCHEDULE 'A"

Defendants.
------------------------------------x

**[Proposed] ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND ORDER RESTRAINING TRANSFER OF ASSETS**

The Court having considered Plaintiff's *ex parte* application (the "Application"), including the Declarations of Christopher Baton and Yen-Yi Anderson, as well as all other papers filed in support of the Application, for the following relief:

(1) a temporary restraining order against defendants (as described in **Schedule A** attached to the Complaint ("Defendants"), enjoining Defendants from the manufacture, importation, distribution, offering for sale, and sale of infringing products (the "Infringing Products") bearing, using, or infringing upon Plaintiff's trademark.

(2) a temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiff's right to an equitable accounting;

(3) authorization for Plaintiff to serve the Court's Order upon Amazon and the Financial Institutions (defined below), before Plaintiff attempts to serve Defendants with the Court's Order or the Complaint;

(4) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Infringing Products, as well as of Defendants' financial accounts; and

(5) ordering Defendants to show cause why a preliminary injunction should not issue on the return date of the Application; and

(6) ordering an extension of the Sealing Order (defined below) granted by Hon. Ramos, wherein Plaintiff was permitted to proceed with Defendants' identities under pseudonym and file the Application under temporary seal; and

Based on the papers and other evidence submitted in support of the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Plaintiff is likely to prevail on its common law trademark infringement claims and false designation of origin claims at trial.

2. As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's application for *ex parte* relief is granted. For example:

a. Defendants, without authorization of Plaintiff, have offered for sale Infringing Products that bears, uses, or otherwise infringes upon Plaintiff's rights to the Subject Works through Defendants' e-commerce storefronts on Amazon.com ("Amazon"), held by Defendants (the "Online Storefronts").

b. Plaintiff has well-founded fears that more Infringing Products will appear in the marketplace using the same Online Storefronts, or new and different Online Storefronts held by Defendants; that consumers may be misled, confused and disappointed by the quality of the Infringing Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and good will related to products properly bearing, using, and sold utilizing Plaintiff's Trademarks (the "Plaintiff's Products").

c. Plaintiff has well-founded fears that if they proceed on notice to Defendants on this Application, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Infringing Products and information concerning the Infringing Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Infringing Products; and/or (iii) close down existing Online Storefronts, transfer Online Storefront information, and/or open a new Online Storefronts through which Defendants can unlawfully advertise, market, promote, distribute, offer for sale and/or sell the Infringing Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

3. On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with Plaintiff's trademark to the Subject Works and the Plaintiff's Products, if a temporary restraining order is not issued.

4. The public interest favors issuance of the temporary restraining order to protect Plaintiff's interests in and to the Plaintiff's trademark, and to protect the public from being deceived and defrauded by Defendants' passing off their Infringing Products as Plaintiff's.

5. If Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products. Therefore, good cause exists for granting Plaintiff's request to proceed *ex parte* and for

an asset restraining order. It typically takes banks and other financial institutions (including those defined below as the "Financial Institutions"), as well as online marketplace accounts, approximately five (5) days after service of an Order like this one to locate, attach, and freeze Defendants' Assets (defined below), Defendants' Accounts (defined below), and/or the Online Storefronts, and service on Defendants should not take place until such actions are completed.

6. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the Infringing Products. Thus, Plaintiff has established good cause for expedited discovery to be ordered.

**ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** and it is **ORDERED** as follows:

**Temporary Restraints**

1. As sufficient cause has been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the Application as referenced below:

a. Using the Subject Works, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any products, including the Infringing Products;

b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine Doe Product and/or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale pursuant to Plaintiff's trademarks to the Subject Works

c. Committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. Further infringing Plaintiff's trademarks to the Subject Works and damaging Plaintiff's goodwill;

e. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the Subject Works, any reproductions, counterfeit copies, or colorable imitations thereof;

f. Using, linking to, transferring, selling, exercising control over, or otherwise owning an Online Storefront or other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Infringing Products or other products bearing the Subject Works; and

g. Operating any other web presence registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing the Subject Works.

**Disabling of Defendants' Online Storefronts**

2. Within five (5) days of receipt of this Order, Amazon, any domain name registry providing service to the Defendants and their Online Storefronts, and any other online service provider hosting or servicing a Defendants' Online Storefronts are directed to:

a. disable and cease providing services for any Online Storefront through which Defendants engage in the sale of Infringing Products, including any Online Storefronts associated with the Defendants listed on Schedule A to the Complaint (which is also attached hereto);

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products; and

c. take all steps necessary to prevent links to the Defendants' Online Storefronts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendants' Online Storefronts from any search index.

**Temporary Asset Restraint**

3. Pursuant to Fed. R. Civ. P. 64 and 65, as well as C.P.L.R. § 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

4. Within five (5) days of receipt of service of this Order, that Amazon, Inc., shall locate all accounts and Online Storefronts associated with Defendants ("Defendants' Accounts") and

other assets belonging to Defendants (the "Defendants' Assets") and shall (a) locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this Court.

5. Within five (5) days of receipt of service of this Order, that (i) PayPal, Inc, (ii) Payoneer Inc., (iii) WorldPay, Inc., and (iv) any other banks, payment processors, and money transmitters (collectively referred to as the "Financial Institutions") shall locate attach and restrain the transfer or disposing of monies or funds from all financial accounts associated with Defendants ("Defendants' Financial Accounts") and other Defendants' Assets, until further ordered by this Court.

6. Upon compliance with the foregoing, Amazon, and the Financial Institutions shall provide written confirmation of their compliance to Plaintiff's counsel.

**Expedited Discovery**

7. As sufficient cause has been shown, within five (5) days of receipt of service of this Order, Amazon, in its capacity as an online marketplace platforms, any domain name registry providing service to any Defendant, any other online service provider hosting or servicing an Online Storefront, and any Financial Institution shall provide the following information to Plaintiff's counsel (to the extent such information is within the aforementioned entities' possession, custody, or control):

a. Identifying information for Defendants, including all available contact information (which shall include, if available, all known email addresses and mailing addresses), as well as account numbers and account balances;

b. Any Online Storefronts, Defendant Accounts, and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto);

c. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Wish, PayPal, eBay, Payoneer, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

**Service**

8. Service of this Order upon Amazon, and the Financial Institutions may be effectuated by registered e-mail as these entities are non-parties, and electronic service by registered e-mail is reasonably designed and calculated to advise them of their responsibilities under this Order, particularly given the sophistication of the entities.

9. Service of this Order and the Summons and Complaint upon the Defendants may be by any method of service expressly permitted under the Hague Convention, including service via the receiving country's central authority.

10. Service, as set forth above, shall be made within five (5) days of Amazon's and the Financial Institutions compliance with Paragraphs 2 through 7 of this Order.

11. The Clerk of Court is directed to issue a single original summons in the name of "THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES,

PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT" that shall apply to all Defendants.

**Security Bond**

12. Plaintiff shall deposit with the Court One Thousand Five Hundred Dollars ($1,500.00), either by cash or law firm check, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

**Sealing Order**

13. Schedule A to the Complaint, Plaintiff's *ex parte* Applications for entry of a Temporary Restraining Order, Preliminary Injunction, a Restraint on the Transfer of Assets, Expedited Discovery, and all associated documents annexed thereto, including Exhibits, Declarations, and Proposed Orders shall be sealed and remain sealed until Defendants' Accounts, Defendants' Financial Accounts, and Defendants' Assets are restrained.

14. Plaintiff shall file unsealed versions of all of the above using the CM/ECF system prior to the expiration of this Order.

15. Plaintiff shall continue to name Defendants under a pseudonym until Defendants' Accounts, Defendants' Financial Accounts, and Defendants' Assets are restrained.

**Application to Vacate or Dissolve**

16. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on five (5) days' notice to Plaintiff or on shorter notice as set by this Court.

**IT IS FURTHER ORDERED** that a hearing shall be held on ____________________ at ___________ in which Plaintiff may present its arguments in support of its request for issuance

of a preliminary injunction. At such time, any Defendants may also be heard as to opposition to Plaintiff's Application.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or before ______________________.

The Temporary Restraining Order without notice is entered at ___________ on _______________ and shall remain in effect for fourteen (14) days.

**IT IS FURTHER ORDERED** that Defendants are hereby given notice that failure to appear the show cause hearing scheduled above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

SO ORDERED

Signed this ___ day of ____ 2025 __________________________________