UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

FISSIONTECH LLC
                      Plaintiff

    v.                                           25-cv-3174

THE PARTNERSHIPS and
UNINCOPORATED
ASSOCIATIONS
IDENTIFED ON SCHEDULE 'A"

                      Defendants.

------------------------------------x

## **PRELIMINARY INJUNCTION ORDER**

THIS MATTER comes before the Court on the application of Fissiontech LLC ("Plaintiff"), brought by way of Order to Show Cause for entry of a Preliminary Injunction (the "Application") against the Defendants identified within the annexed amended Schedule A to this order (collectively, the "Defendants"); and

THE COURT having reviewed the papers in support of the Application, and following arguments by all counsel present at the April 23, 2025, hearing finds that Plaintiff meets the criteria for entry of preliminary injunctive relief, based on the following findings of fact and conclusions of law:

### **FACTUAL FINDINGS & CONCLUSIONS OF LAW**

1. Plaintiff has protectable common law trademark rights to the name "Fissiontech LLC".

2. Defendants own and operate e-commerce storefronts through marketplace platform www.Amazon.com (the "Online Storefronts"), an e-commerce marketplace platform operated by Amazon.

3. Through their Online Storefronts, and without Plaintiff's consent, Defendants have listed for sale products that bear, use, or otherwise infringe upon Plaintiff's rights to their trademark (the "Infringing Products").

4. The Court has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District, by operating one or more commercial, interactive online storefronts operated through Amazon, and its e-commerce platform, through which New York residents can purchase the Infringing Products.

5. Plaintiff has a protectable trademark and each Infringing Product either falsely lists Plaintiff, and their trademark, as their manufacturer or elsewhere in the product description.

6. Plaintiff has a well-founded fear that more Infringing Products will appear in the marketplace using the same Online Storefronts, or new and different Online Storefronts held by Defendants; that consumers may be misled, confused and disappointed by the quality of the Infringing Products, resulting in injury to Plaintiff's reputation goodwill in particular, the reputation and goodwill related to products properly

bearing, using, and sold utilizing Plaintiff's trademark. The continued and unauthorized use of Plaintiff's trademark irreparably harms Plaintiff through loss of exclusivity, loss of future sales, and damage to Plaintiff's reputation. Money damages may not adequately compensate for that damage.

7. The potential harm to Defendants from being prevented from improperly infringing on Plaintiff's trademark if a preliminary injunction is issued is outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with Plaintiff's trademark, if a preliminary injunction is not issued.

8. The public interest is served by entry of this Preliminary Injunction to protect Plaintiff's interest in its trademark and to protect the public from being deceived by Defendants' infringing actions.

9. For those reasons, the issuance of a preliminary injunction is warranted under Federal Rule of Civil Procedure 65.

   NOW THEREFORE, on this 19th day of May, 2025, this Court
   ORDERS THAT:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily enjoined and restrained from:

   a. Using or otherwise exploiting the Subject Works, or any copyrights thereto, in any manner;

    b. Passing off, inducing, or enabling others to sell or pass off any not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale using the Subject Works;

    c. Further infringing the Subject Works, or any copyrights thereto;

    d. Using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Storefronts, or any other domain name or online market place account, to sell Infringing Products; and

    e. Within five (5) days of receipt of this Order, Amazon, and any bank, payment processor, money transmitter, or other financial institution ( collectively referred to as the "Financial Institutions") servicing a Defendant or their Online Storefront are directed to disable and cease providing services through which Defendants engage in the sale of Infringing Products, including any accounts associated with the Defendants.

2. Defendants, Amazon (including Amazon's affiliates, subsidiaries, and parents), and any Financial Institution that is associated with the Defendant's Online Storefronts, shall be preliminary enjoined from transferring or disposing of any money or other assets that are connected with the Infringing Products until further ordered by this Court.

3. Amazon shall, within five (5) business days of receipt of this Order, for any Defendant account:

    a. Locate all accounts and funds connected to and related to Defendants, Defendants' Online Storefronts, including, but not

   limited to, any AliPay, AllPay/GoAllPay, Amazon, Bank of China, Coinbase, DHgate, eBay, HyperWallet, JD.com, Joom, Lakala, LianLian, OFX, Paxful, PayEco, Payoneer, PayPal, PingPong, SellersFunding, Shopify, Stripe, Union Mobile/UmPay/UmPay2, Walmart, Wise/TransferWise, Wish, and World First accounts; and

   b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money of the Defendants related to the Infringing Products until further ordered by this Court.

4. Schedule A to the Complaint, Plaintiffs' *ex parte* Applications for entry of a Temporary Restraining Order, Preliminary Injunction, a Restraint on the Transfer of Assets, Expedited Discovery, and all associated documents annexed thereto, including Exhibits, Declarations, and Proposed Orders are now unsealed. The Clerk of Court is directed to unseal ECF Nos. 1-8 in their entirety.

5. The Temporary Restraining Order is now unsealed.

6. Any Defendant that is subject to this Order may appear and move to dissolve or modify this Order on seven (7) days' notice to Plaintiffs, or on shorter notice as set by this Court.

7. The One Thousand Five Hundred Dollar ($1,500.00) bond posted by Plaintiff shall remain with the Court until a final disposition of this case, or until this Preliminary Injunction is terminated.

SO ORDERED

Dated: May 19, 2025
      New York, New York

                                      Hon. Katherine Polk Failla
                                         U.S. District Judge